IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD A. BRIDGEWATER,

    Petitioner,                   No. CIV S-02-0971 LKK KJM P

    vs.

ERNIE ROE,

    Respondent.                ORDER

_____/

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On September 24, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Respondent has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1    The respondent has also filed a request for permission to file an interlocutory appeal from this order adopting the findings and recommendations of the magistrate judge. The court denies the request. Permission to file an interlocutory appeal to the circuit court may be granted if the district court determines that its order "involves a controlling question of law as to which there is a substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, the respondent fails to show that there is a controlling question of law within the meaning of section 1292. The issue before the magistrate judge, in the evidentiary hearings on February 28, 2005 and April 12, 2005, was whether the petitioner possessed a mental deficiency that constituted an extraordinary circumstance which would warrant equitable tolling of the limitations period. The governing law was not in dispute, as the court was guided by the Ninth Circuit's holding in <u>Laws v. Lamarque</u>, 351 F.3d 919 (9th Cir. 2003). Instead, the magistrate's determination was one of fact: whether there was sufficient evidence to permit the conclusion that the petitioner's mental incompetence met the <u>Laws</u> standard. Because the controlling question before the magistrate judge in making the findings and recommendations, and before this court in the present order, was a question of fact, an interlocutory appeal is not appropriate.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The findings and recommendations filed September 24, 2007, are adopted in full;

   2. Respondent's motion to dismiss is denied;

   3. Respondent's request for permission to file an interlocutory appeal is denied; and

///

///

///

4. Respondent shall file his answer within twenty days.

DATED: October 30, 2007.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3